# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN FLANIGAN, et al., | Case No. 1:18-mc-00024-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PETITIONERS MOTION TO COMPEL |
| v. | |
| WESTERN MILLING, LLC, | (ECF No. 2) |
| Defendant. | ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN THIS ACTION TO A DISTRICT JUDGE |
| | FOURTEEN DAY DEADLINE |

On April 26, 2018, Petitioners[1] Kathryn Flanigan; Cambria Ross; Courtney Gebhart; Debra Guiffrida; Denise Taylor; Emily Mcneil; Kenneth Snell; Mary Everett; Kerry Urquhart; Linda Rubio; Lynn Groundwater; Rachel Winch; Noah Olmstead; Kimberly Girard; Brad Young; Adrienne Young; Ashley Young, a minor, by and through her guardian Ad Litem, Adrienne Young; Cathryn Belmont; Grace Belmont, a minor, by and through her Guardian ad Litem, Cathryn Belmont; Christine Saunders; Kim Saunders, a minor, by and through her Guardian ad Litem, Christine Saunders; Clair Hilchie Schmidt; Lauren Hilchie Schmidt, a minor, by and through her Guardian ad Litem, Clair Hilchie Schmidt; Dena Amador; Reagan Amador, a

---

[1] While Petitioner filed this action as a plaintiff and named Western Drilling as a defendant, it is the Food and Drug Administration that would be the respondent in the current motion. Therefore, the Court addresses the issues between Petitioners and the respondent.

1

minor, by and through her Guardian ad Litem, Dena Amador; Jeanette Burson; Taylor Burson, a minor, by and through her Guardian ad Litem, Jeanette Burson; Karen Erickson; Sally Erickson, a minor, by and through her Guardian ad Litem, Karen Erickson; Kimberly Sarkhosh; Francesca Sarkhosh, a minor, by and through her Guardian ad Litem, Kimberly Sarkhosh; Rene Polanco; Payton Polanco, a minor, by and through her Guardian ad Litem, Rene Polanco; Tyce Ferguson; Kathy Ferguson; Riley Ferguson, minor, by and through her Guardian ad Litem, Tyce Ferguson; Neil Burson; Brenda Burson; Jessica Marje Burson, a minor, by and through her Guardian ad Litem, Neil Burson; John Jacobi; Morgan Jacobi, a minor, by and through her Guardian ad Litem, John Jacobi; Gemma Blumenshine, a minor, by and through her Guardian ad Litem, Nadine Blumenshine; Sydney Loucks, a minor, by and through her Guardian ad Litem; Aaron Loucks; and Kenna Scott, a minor, by and through her Guardian ad Litem, Shera Scott ("Petitioners") filed a miscellaneous action seeking to compel the United States Food and Drug Administration ("FDA") to produce a witness for deposition. The matter was assigned to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Petitioners have filed an action in Fresno County Superior Court against Western Milling LLC ("Western Milling"). The state court action alleges injury caused to Petitioners' horses due to consuming allegedly contaminated and toxic horse feed manufactured by Western Milling. Thomas Gordon of the United States Food and Drug Administration ("FDA") was assigned to investigate Western Milling regarding this matter. Petitioners contend that Western Milling was sanctioned and, in part due to that investigation, the State Attorney General's Office filed a lawsuit in 2016 for state law violations. Petitioners sought to take the deposition of Mr. Gordon in the state action and served a deposition subpoena.

The FDA rejected Petitioners subpoena pursuant to 21 C.F.R. § 20.1. Petitioners subsequently submitted a request to the agency to depose Mr. Gordon which was denied by the agency. On April 26, 2018, Petitioners filed the instant motion in federal court to compel the FDA to produce Mr. Gordon for deposition.

Petitioner moves to compel deposition testimony, however as Petitioners recognize in their motion, the FDA cannot be compelled to comply with the state court subpoena because they

2

have sovereign immunity. (ECF No. 2 at 7.[2]) Petitioners argue that the Court has the authority to review the FDA's decision to deny the deposition of Mr. Gordon under the Administrative Procedure Act (APA), 5 U.S.C. §§ 551, et seq. However, for the reasons discussed herein, the Court finds that the current motion must be denied for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Under 5 U.S.C. § 706, the Court can review the agency decision to determine if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accord with law[.]" 5 U.S.C. § 706(2)(A). In making this determination the court reviews the administrative record. 5 U.S.C. § 706. "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). "However, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.' " Motor Vehicle Mfrs. Ass'n of U.S., Inc., 463 U.S. at 43 (quoting Burlington Truck Lines v. United States, 371 U.S. 156, 168 (1962). Courts reviewing the agency determination must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Motor Vehicle Mfrs. Ass'n of U.S., Inc., 463 U.S. at 43 (citations omitted). Petitioners have not filed an action under the APA here, but are moving to compel the APA to allow the deposition of Mr. Gordon. However, the Court has no federal case pending to confer jurisdiction in this matter.

In U.S. ex rel. Touhy v. Ragen, 340 U.S. 462, 468 (1951), the Supreme Court held that federal regulations which authorize the head of a federal agency to determine if a subordinate may produce documents are valid regulations. These regulations are known as Touhy regulations. In re Vioxx Prod. Liab. Litig., 235 F.R.D. 334, 343 (E.D. La. 2006). The FDA has promulgated a Touhy regulation, 21 C.F.R. § 20.1, id., which Petitioners contend was used to deny the request to depose Mr. Gordon.

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

Pursuant to section 20.1, the FDA shall respectfully decline to testify to subpoenas as prohibited by the section. 21 C.F.R. § 20.1(b). To obtain the deposition of an FDA employee, the requesting individual may make a written request and the FDA may grant the request if it is determined that the testimony will be in the public interest and will promote the objectives of the act and the agency. 21 C.F.R. § 20.1(c). Here, Petitioners contend that the grounds for resisting discovery are arbitrary and capricious and lack any substantive basis. (ECF No. 2 at 1.) Since there is no federal case pending, the Court finds that this matter must be filed as an action seeking review of the FDA's decision to deny discovery.

In federal court, a litigant can seek to obtain records from a third party under Rule 45 of the Federal Rules of Civil Procedure. The federal government has waived its sovereign immunity in federal court under the APA, 5 U.S.C. § 702, and courts have held that a federal litigant can compel a federal agency to comply with a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure in the action in which the subpoena was initiated, In re Vioxx Prod. Liab. Litig., 235 F.R.D. at 343 (collecting cases); Johnson v. Folino, 528 F.Supp.2d 548, 550 (E.D. Pa. 2007); Williams v. C. Martin Co. Inc., No. CIV.A. 07-6592, 2014 WL 3095161, at *4 (E.D. La. July 7, 2014). Courts that have considered the issue hold that analyzing the plain text of the relevant APA provisions, a federal litigant need not file a collateral action to compel compliance with a Rule 45 subpoena addressed to the federal government. Ceroni v. 4Front Engineered Sols., Inc., 793 F.Supp.2d 1268, 1275 (D. Colo. 2011); Lamb v. Wallace, No. 7:16-CV-44-FL, 2018 WL 847242, at *2 (E.D.N.C. Feb. 13, 2018) (collecting cases); Spence v. NCI Information Systems, Inc., 530 F.Supp.2d 739, 744 (D.Md. 2008). However, there is no federal action pending here; and Petitioners are not seeking to compel compliance with a Rule 45 subpoena issued in a federal case.

In Houston Bus. Journal, Inc. v. Office of Comptroller of Currency, U.S. Dep't of Treasury, 86 F.3d 1208 (D.C. Cir. 1996), the court was faced with a similar situation to that presented here. The Houston Business Journal filed a state court libel action and sought documents from the Comptroller who was not a party to the underlying action. Houston Bus. Journal, Inc., 86 F.3d at 1210. After the Comptroller responded that the documents needed to be

sought through the agency's administrative request procedure rather than a subpoena, a request was made and limited documents were produced in the state court proceedings. Id. The Houston Business Journal moved to compel production of the documents in the state action and the Comptroller removed that part of the action seeking enforcement of the subpoena to the federal court. Id. at 1211. The Houston Business Journal then served a Rule 45 subpoena requesting the documents. Id. The district court denied the motion on various grounds and the Houston Business Journal appealed. Id.

On appeal, the court held that "a state-court litigant must request the documents from the federal agency pursuant to the agency's regulations" and if "the agency refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA." Houston Bus. Journal, Inc., 86 F.3d at 1212. The question the court considered was "when the underlying litigation is in state court, can a litigant eager to avoid the limitations on the state court's subpoena power obtain a federal-court subpoena instead?" Id. The court held "that in such circumstances the federal court lacks subject-matter jurisdiction to issue the subpoena." Id.

Other courts have held that where a state court litigant seeks to compel a federal agency to comply with discovery requests in federal court subject matter jurisdiction is lacking. In re Dewayne E. Hopkins, 162 F.3d 1172 (10th Cir. 1998) (unpublished); see also COMSAT Corp. v. Nat'l Sci. Found., 190 F.3d 269, 277 (4th Cir. 1999) ("a federal court may not compel a third party to comply with an arbitrator's subpoena for prehearing discovery, absent a showing of special need or hardship"); Swett v. Schenk, 792 F.2d 1447, 1452 (9th Cir. 1986) (even on removal from state court subject matter jurisdiction was lacking). The appropriate means for challenging a federal agency's decision is to file an action under the APA in federal court. In re Ben Siminoe, Assistant Forest Supervisor, U.S. Dept. of Agric., Forest Serv., 109 F.3d 554, 557 fn.1 (9th Cir. 1997); United States v. Williams, 170 F.3d 431, 434 (4th Cir. 1999); Boron Oil Co. v. Downie, 873 F.2d 67, 71 (4th Cir. 1989); Ceroni, 793 F.Supp.2d at 1275.

Similarly, the Court finds here that it lacks subject matter jurisdiction to order the FDA to present Mr. Gordon for deposition in the state court action. For Petitioners to obtain review of

the FDA's decision to deny discovery in Petitioners' state court case, Petitioners must file an action in federal court under the APA.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Petitioners' motion to compel be DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to this findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**April 30, 2018**__

UNITED STATES MAGISTRATE JUDGE